SHERI L. CARELLO, Bar No. 173498
Trustee in Bankruptcy
PO Box 22527
Sacramento, CA 95822-0527
(916) 444-8149

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In Re:

MICHAEL BISCH

    Debtors.

Case No. 14-28027-A-7

Motion Control No. SLC-1

DATE: July 5, 2016
TIME: 10:00 a.m.
COURTROOM: 28
JUDGE: McManus

## MOTION FOR TURNOVER OF ESTATE PROPERTY

  SHERI L. CARELLO (" Trustee"), in her capacity as trustee for the bankruptcy estate of Michael Bisch ("Debtor"), hereby moves for an order compelling the Debtor to turn over $36,000.00 received from Trackside, LLC as a result of an agreement the Debtor entered into pre-petition, but which funds were paid to the Debtor post-petition.

  In support of her motion, the Trustee submits the following:

## JURISDICTION AND BACKGROUND

  1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 157(b)(2)(E) and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The relief sought is appropriate pursuant to 11 U.S.C. § 542(a) and Rule 7001 (1) of the Federal Rules of Bankruptcy Procedure.

  2. On August 6, 2014, the Debtor commenced the above-captioned parent bankruptcy case by filing a voluntary Chapter 7 petition. The Trustee was the duly appointed Chapter 7 Trustee. On March 3, 2015, a Final Decree was entered closing the case.

  3. On July 21, 2015, the Court entered an order granting UST-1, the U.S. Trustee's application to reopen the case as a result of the Debtor's failure to disclose his personal interest in Trackside Center, LLC.

  4. Debtor personally received $8,000.00 on October 14, 2014 from Trackside Center, LLC

as a result of the agreement the Debtor entered in on or around April, 2014 with Trackside, LLC, which was before the filing of his Chapter 7 case. Debtor was a Class A member of Trackside Center, LLC., as a result of this membership, he was entitled to receive $8,000.00 upon the closing of the purchase of a piece of real property in Davis commonly known as 901-919 3rd Street, Davis, California ("Davis property"). (See Exhibit "A" filed herewith). This account receivable was not disclosed on the Debtor's Schedule B filed on August 6, 2014. (See Exhibit "B" filed herewith).

5. In addition, in October, 2014, the Debtor as the buyer's broker of the Davis property received a commission of $28,000.00. The Debtor claims this money was paid to his corporation BV64, however, Mr. Bisch not only receives a salary from BV64, but also receives a share of the profits as disclosed on his Schedule I filed on August 6, 2014. Therefore, Mr. Bisch would have received at least a partial payment on the $28,000.00, if he did not receive the full amount.

6. Further, as disclosed on Schedule B of the Debtor's petition filed on August 6, 2014, the Debtor has only one "personal" bank account and from review of the bank statements pays all his bills both personal and business from that account. (See Exhibit "B" filed herewith). The Trustee has reviewed the bank statements from the account listed on Schedule B and it is in the name of BV64, Inc. There is no separation between Mr. Bisch personally and BV64.

7. The Trustee has requested turnover of the $8,000.00 pursuant to 11 U.S.C. §542, but the Debtor has not complied. (See Exhibit "C" filed herewith). The Trustee did not request turnover of the $28,000.00 because the Debtor alleged it was paid to the corporation, however, since the Debtor only has bank accounts in the name of BV64, the money was wire transferred to a BV 64 account. Debtor has commingled all funds personal and corporate in the BV 64 bank account, and therefore, there is no clear corporate entity.

8. Filed herewith as Exhibit "D" is a copy of a letter dated June 30, 2015 the Trustee received from Michael S. Schaps, representing Trackside Center, LLC., which had attached to it a letter dated June 10, 2015 from attorney Robert E. White, who was representing the Debtor. These letters breakdown the sequence of events which lead up to the money that was received by the Debtor and which the Trustee is now seeking to be turned over to the estate.

9. The Court has jurisdiction pursuant to 28 U.S.C. §151, 157(a) and 1334(b).

10. This is a core proceeding as referred to in 28 U.S.C. §157(b)(2) in that it involves turning over property of the bankruptcy estate.

WHEREFORE, the Trustee prays for an order as follows:

1. That the Motion be granted;

2. That Debtor be ordered to turnover the sum of $8,000.00 received from Trackside, LLC within ten (10) calendar days of service of this order; and

3. That Debtor be ordered to turnover the sum of $28,000.00 received from First American Title Company as a result of the close of escrow on the Davis property within ten (10) calendar days of the service of this order; and

3  If the Debtor fails to timely turn over to the Trustee the full amount of $36,000.00, the Trustee be authorized to submit an ex parte application for issuance of a money judgment in the amount not turned over to the Trustee.

DATED: 5/31/16

SHERI L. CARELLO, Bankruptcy Trustee

3