# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Michael Bisch | **Case No :** | 14–28027 – A – 7 |
| | | **Date :** | 07/05/2016 |
| | | **Time :** | 10:00 |

| | |
|---|---|
| **Matter :** | [28] – Motion/Application for Turnover of Property [SLC–1] Filed by Trustee Sheri L. Carello (lbef) |

| | | | |
|---|---|---|---|
| **Judge :** | Michael S. McManus | **Courtroom Deputy :** | Sarah Head |
| **Department :** | A | **Reporter :** | Electronic Record |

**APPEARANCES for :**
**Movant(s) :**
     Trustee – Sheri L. Carello
**Respondent(s) :**
     Debtor(s) Attorney – Mark Wolff

The court will issue a minute order.

Final Ruling: The motion will be denied.

The trustee seeks an order directing the debtor to turn over to her:

(A) $8,000 the debtor purportedly received post–petition from Trackside, L.L.C., on account of a purported pre–petition agreement with Trackside, L.L.C., pertaining to the sale of a commercial real property which closed escrow after the August 6, 2014 petition date; and

(2) $28,000 the debtor "would have received" from his BV64, Inc. corporation, which received the funds as a real estate broker commission in connection with the sale of the same real property.

11 U.S.C. § 541(a)(1) provides that property of the estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 542(a) requires parties holding property of the estate to turn over such property to the estate "and account for, such property or the value of such property."

11 U.S.C. § 542(a) extends beyond the present possession of estate property. There is no requirement that the property is in the possession of the respondent "at the time of the motion." 11 U.S.C. § 542(a) extends to all property in the possession, custody or control during the case. Shapiro v. Henson, 739 F.3d 1198, 1200–01 (9th Cir. 2014).

If the respondent does not have possession of the property at the time of the turnover motion, the trustee may recover the value of the property. Shapiro v. Henson, 739 F.3d 1198, 1200–03 (9th Cir. 2014); see also 11 U.S.C. § 542(a).

If a debtor demonstrates that he does not have possession of the estate property or its value at the time of the turnover motion, the trustee is entitled to a money judgment for the value of the estate property. Newman v. Schwartzer (In re Newman), 487 B.R. 193, 202 (B.A.P. 9th Cir. 2013).

"If a debtor demonstrates that [he] is not in possession of the property of the estate or its value at the time

of the turnover action, the trustee is entitled to recovery of a money judgment for the value of the property of the estate." Newman at 202 (quoting Rynda v. Thompson (In re Rynda), Case Nos. NC–11–1312–HDoD, 09–41568, 2012 WL 603657, at *3 (B.A.P. 9th Cir. Jan. 30, 2012)).

The motion will be denied. The debtor received the $8,000 sum post–petition, on October 27, 2014, pursuant to the September 3, 2014 operating agreement of Trackside, L.L.C., whose articles of organization were filed with the California Secretary of State on August 15, 2014. Docket 40 at 9 & 31.

In other words, the debtor's entitlement to the $8,000 was pursuant to a post–petition agreement and not a pre–petition agreement. Neither the debtor, nor the estate had an interest in the $8,000 sum as of the August 6, 2014 petition date.

Further, the $28,000 sum was received by the debtor's corporation, BV64, Inc., on October 3, 2014, as a real estate broker fee relating to the sale of the real property, which sale was consummated pursuant to an August 15, 2014 purchase and sale agreement.

The court cannot disregard the debtor's corporate entity, BV64, Inc. and order the debtor to turn over to the trustee funds received by his corporation. The court will not make alter–ego or substantive consolidation adjudications on a motion. Such adjudications require an adversary proceeding. Fed. R. Bankr. P. 7001(2).

Additionally, the $28,000 fee was paid under the terms of a post–petition agreement, dated August 15, 2014. Docket 39. Although that agreement is styled as an amendment to an earlier, pre–petition purchase and sale agreement, that pre–petition agreement had expired pre–petition on July 7, 2014 and was no longer in effect as of the August 6, 2014 petition date. Docket 38 at 2 (stating that closing of the sale was to take place "not later than July 7, 2014").

Thus, even if the debtor had some direct interest in the $28,000 broker fee, that interest arose post–petition. The court is not persuaded that the estate has an interest in the $8,000 and $28,000 sums.